UNITED STATE S DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON L. SCHNITZLER a.k.a. TYSON Q. BECHT, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 11-1318 (RBW) |
| UNITED STATES OF AMERICA *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

In this civil action brought *pro se*, the plaintiff, a South Dakota state prisoner, alleges that he has "declared [himself] not a citizen of the United States of America[,]" but that the United States has refused to recognize his renunciation of citizenship. Complaint for Violation of Civil Rights ("Compl.") at 5. The plaintiff seeks to "compel the Attorney General of the United States of America to act on [his] request of Renunciation and/or declair [sic] the INA: Act 349 – Loss of Nationality by Native-Born or Naturalized citizen (5), (6) unconstitutional based on the 14th Amendment 'equal protection' and/or the due process clause of the 5th Amendment."[1] *Id*.

The defendants move to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. They assert that because the plaintiff's application to renounce his citizenship has already been acted upon, his claim is moot. The Court agrees and,

---

[1] The plaintiff names as defendants the United States of America and its Departments of Justice, Homeland Security and State. *See* Complaint's caption. Other members of this Court have held that "the responsibility [to decide renunciation requests] lies with the Director of the U.S. Citizenship and Immigration Services ("USCIS"), a component of Homeland Security." *Walker v. Holder*, 714 F. Supp. 2d 44, 47 (D.D.C. 2010) (citing *Kaufman v. Holder*, 686 F. Supp. 2d 40, 41 (D.D.C. 2010)).

thus, will grant the defendants' motion to dismiss the mandamus claim as moot. *See* 28 U.S.C. § 1361 (2012) (conferring original jurisdiction to district courts over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). In addition, the Court finds that the plaintiff lacks standing to bring his constitutional claim for declaratory relief and, thus, will dismiss the complaint in its entirety. *See Nat'l Treasury Employees Union v. U.S.*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (listing the doctrines of standing and mootness as "'core component[s]' which are 'essential and unchanging part[s] of the case-or-controversy requirement of Article III[.]'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (alterations in original).

## BACKGROUND

The plaintiff is a South Dakota state prisoner serving a 15-year term of imprisonment for his conviction of "sexual contact with a child under the age of sixteen . . . ." *Schnitzler v. Reisch*, 518 F. Supp. 2d 1098, 1101 (D.S.D. 2007). According to the defendants, the plaintiff's sentence currently expires in 2015. Statement of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Jurisdiction ("Defs.' P. & A.") [Doc. # 17-1] at 1 (citing Order at 2, *Aaron Schnitzler v. Reisch, Cabinet Secretary, South Dakota Department of Corrections, et al.*, No. 4:06-cv-04064-LLP (D.S.D. Sept. 28, 2001)).[2]

After the plaintiff initiated this action on July 20, 2011, the United States Citizenship and Immigration Services ("USCIS") informed the plaintiff by letter of December 12, 2011, that pursuant to 8 U.S.C. 1481(a)(6) (2006), United States citizens seeking to renounce their

---

[2] The defendants have not submitted a copy of the Order for inclusion in this record, but the plaintiff does not dispute its existence or that his sentence currently expires in 2015.

citizenship "must appear at a USCIS field office for an in-person interview before a USCIS officer." Defs.' P. & A., Exhibit ("Ex.") B.[3] Because the plaintiff is incarcerated, the USCIS further informed him that it would hold his application in abeyance until such time when he is able to personally appear, and that holding the request in abeyance "will not prejudice [the] USCIS' consideration of [the] request." *Id*.

## DISCUSSION

The Plaintiff's Mandamus Claim

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citations omitted). Thus, "only exceptional circumstances amounting to a judicial usurpation of power will justify issuance of the writ." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citations and internal quotation marks omitted); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (citations and internal quotation marks omitted). Mandamus relief is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus relief is available "only where the duty to be performed is ministerial and the obligation to act peremptory

---

[3] The plaintiff has filed a "Motion to Throw Out or Reject U.S.C.I.S. Letter Dated Dec. 12, 2011" [Doc. # 20], which will be denied because no cogent argument for striking the letter is presented. The plaintiff has filed a similar motion with regard to the defendants' motion to dismiss [Doc. # 19], which, too, will be denied as baseless.

and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

To the extent that defendant Homeland Security had a ministerial duty to act on the plaintiff's application to renounce his citizenship, which is also the relief the plaintiff seeks from the complaint, it has done so.  Therefore, the Court will grant the defendants' motion to dismiss the claim for mandamus relief as moot.  *See Newdow v. Bush*, 391 F. Supp. 2d 95, 107 (D.D.C. 2005) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.") (quoting *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983)) (internal quotation marks omitted).

<u>The Plaintiff's Declaratory Judgment Claim</u>

In addition to mandamus relief, the plaintiff seeks a declaration that 8 U.S.C. § 1481(a)(5)(6), applicable to persons making a formal renunciation of nationality, is unconstitutional. Compl. at 5.  "To demonstrate standing under Article III of the Constitution, [the plaintiff] must show an injury in fact caused by the defendant and redressable by judicial relief." *Singh* v. *Napolitano*, 710 F. Supp. 2d 123, 128 (D.D.C. 2010) (quoting *Stilwell v. Office of Thrift Supervision*, 569 F.3d 514, 518 (D.C. Cir. 2009)) (internal quotation marks and other citation omitted).  "A qualifying injury must be 'concrete and particularized' and either 'actual or imminent.'" *Id*. (quoting *City of Dania Beach, Fla. v. FAA*, 485 F.3d 1181, 1185 (D.C. Cir. 2007) (citation omitted).

The plaintiff states that "[r]egardless [of the] letter Dated December 12, 2011[,] 'exact' relief has not been given, no relief has been given . . . [because] I'm an inmate and cannot travel.

The fact still remains that I am still considered a United States citizen." Statement of Facts and Brief to the Court [Doc. # 24] at 2. These circumstances alone, however, do not give rise to Article III standing and the plaintiff has not stated any other facts from which an actual injury may be found or reasonably inferred. The USCIS has represented that the plaintiff will not be prejudiced by its decision to hold his application in abeyance until he is able to comply with § 1481(a)(6). Defs.' Ex. B. Therefore, the plaintiff has not established his standing to challenge the constitutionality of § 1481(a)(5)(6). *See Singh*, 710 F. Supp. 2d at 128 ("[E]ven assuming that there has been a delay in completing the FBI name check, the plaintiff has not alleged an injury-in-fact necessary for Article III standing to raise a claim against the Attorney General."); *see also Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002) ("After Koos fully serves his sentence, he is free to travel to another country and renounce his citizenship to a United States Consular Officer. As he is a prisoner at this time, he may not exercise this right."); *see id*. (reasoning that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.") (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)) (other citation omitted).

Because "the jurisdictional prerequisite of a 'case or controversy' applies with equal force to actions for declaratory relief," *Nedow*, 391 F. Supp. 2d at 107, the Court must also dismiss the plaintiff's claim for declaratory relief.

## CONCLUSION

For the foregoing reasons, the Court will grant the defendants' motion to dismiss for lack

of jurisdiction. In addition, the Court will deny as moot the plaintiff's three pending motions, which in any event are baseless.[4]

DATE: May 25, 2012

_____s/_____
Reggie B. Walton
United States District Judge

---

[4] A separate Order accompanies this Memorandum Opinion.